IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NIKOLAS LANE PETERSEN,

    Defendant.

Case No. 22-CR-371-JFH

## OPINION AND ORDER

Before the Court is a Motion for Review of Detention Order ("Motion") filed by Defendant Nikolas Lane Petersen ("Defendant"). Dkt. No. 35. Following a plea of guilty to a mandatory detention crime, Defendant was ordered detained pending sentencing. Dkt. No. 31. The primary issue for review is whether a history of mental health problems and a family member's deteriorating health condition constitute "exceptional reasons" to allow for Defendant's release pending sentencing under 18 U.S.C. § 3145(c). Because the Court finds that they do not, Defendant's Motion [Dkt. No. 35] is DENIED and Magistrate Judge Susan E. Huntsman's order of detention [Dkt. No. 31] is AFFIRMED.

## BACKGROUND

On November 7, 2022, an Indictment was filed charging Defendant with two (2) counts of Assault with a Dangerous Weapon with Intent to do Bodily Harm in Indian Country. Dkt. No. 2. A detention hearing was held on December 13, 2022 and Defendant was ordered released pursuant to certain conditions. Dkt. Nos. 12, 14. A scheduling order was entered and the case proceeded. Dkt. No. 11.

On March 13, 2023, Defendant announced his desire to plead guilty and the case was referred to Magistrate Judge Susan E. Huntsman for change of plea hearing. Dkt. No. 26. On

March 14, 2023, Defendant filed a motion seeking to remain on bond pending sentencing. Dkt. No. 27. In his motion, Defendant acknowledged that he was pleading guilty to a crime of violence and, therefore, detention was mandatory. *Id*. at 1-2. However, Defendant argued that certain circumstances made it appropriate to allow him to remain on his pretrial conditions of release. *Id*. at 3-4. Specifically, Defendant argued that his long history of mental health problems, coupled with his grandfather's deteriorating health condition, created exceptional reasons warranting his release prior to sentencing. *Id*.

The United States of America ("Government") filed a response in opposition, arguing that the exceptional reasons standard did not apply to an appeal of a detention order and that, even if it did, Defendant failed to show that there were exceptional reasons warranting his release. *Id*. The Court referred Defendant's motion to the magistrate judge to resolve at the change of plea hearing. Dkt. No. 30.

On March 16, 2023, Magistrate Judge Susan E. Huntsman conducted Defendant's change of plea hearing. Dkt. Nos. 31, 38. Defendant entered a plea of guilty to Count Two of the Indictment and then the parties presented oral argument regarding Defendant's motion for release. *Id*.; *see also* Dkt. No. 34. Based upon the briefing and further argument at the hearing, Judge Huntsman first found that the exceptional reasons standard applied, stating that Tenth Circuit case law supported a district court's authority to consider release pending sentencing under the exceptional reasons standard. Dkt. No. 38 at 28:23-29:5. Judge Huntsman further explained that following Defendant's plea to a crime of violence, she could only order Defendant released if she found by clear and convincing evidence that he was not likely to flee or be a danger to others or the community *and* that there were exceptional reasons why detention would not be appropriate. *Id*. at 28:15-19. Judge Huntsman stated that based upon Defendant's compliance with his

conditions of pretrial release and his pretrial supervision report, she found that Defendant was not likely to flee and was not a danger to others or the community. *Id*. at 28. However, Judge Huntsman stated that she did not find exceptional reasons why detention would not be appropriate in this case. Dkt. No. 38 at 33:19-21. Specifically, Judge Huntsman found that the circumstances presented by Defendant were not outside the ordinary of what other defendants in Defendant's position might face. *Id*. at 34:3-5. Accordingly, Judge Huntsman denied the motion and remanded Defendant to the custody of the United States Marshal Service. *Id*. at 34:5-7.

On March 21, 2023, Defendant filed his Motion for Review of Detention Order under 18 U.S.C. § 3145(b) raising the sole issue of whether Defendant's circumstances constitute exceptional reasons under 18 U.S.C. § 3145(c). Dkt. No. 35. On March 24, 2023, the Government filed a response in response in opposition. Dkt. No. 36.

## STANDARD

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The Tenth Circuit requires this Court to conduct *de novo* review of a magistrate judge's detention order. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A district court has the discretion to hold an evidentiary hearing if it determines that additional evidence is necessary or it may rule on the written pleadings and evidence if the factual record is sufficient. *See id.; see also United States v. King*, 849 F.2d 485, 490-91 (11th Cir. 1988); *United States v. Williams*, 753 F.2d 329, 334 (4th Cir. 1985). As Defendant's Motion does not present any additional argument, facts, or evidence not previously presented in his original motion for release or at the change of plea hearing, the Court finds that a hearing is not necessary and will, therefore, conduct its *de novo* review based on the record.

## DISCUSSION

Release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143. Section 3143(a) provides, in relevant part:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentenced be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; ***and***
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added). The parties agree that upon the Court's acceptance of Defendant's guilty plea to Count Two of the Indictment, Defendant was found guilty of an offense that is defined as a crime of violence under 18 U.S.C. § 3156(a)(4)(A) and, therefore, subject to mandatory detention. Dkt. No. 35 at 1-2; Dkt. No. 36 at 3.

Although Judge Huntsman found by clear and convincing evidence that Defendant was not likely to flee or pose a danger to any other person or the community, the Government did not recommend that no sentence of imprisonment be imposed on Defendant. *See* Dkt. No. 38 at 28:2:6, 15-19. Both of these prongs are required to satisfy § 3143(a)(2). Because Defendant cannot meet § 3143's requirements, the only way Defendant may remain out of custody pending sentencing is by showing that there are exceptional reasons why detention would not be appropriate. 18 U.S.C. § 3145(c). Section 3145(c) provides:

> (c) Appeal from a release or detention order.—An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in

4

> section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

The statutes do not define "exceptional reasons." The Tenth Circuit, however, has accepted the Webster's Dictionary definition for "exceptional" as "being out of the ordinary: uncommon, rare." *United States v. Wages*, 271 Fed.Appx. 726, 727 (10th Cir. 2008) (unpublished) (citing *Webster's Third New Int'l Dictionary* (Unabridged) 791 (G. & C. Merriam Co. 1976)). In determining whether a set of circumstances meets this definition "a case by case evaluation is essential." *Id*. (internal citations omitted).

Defendant argues that the following circumstances, in combination, create exceptional reasons why Defendant's detention pending sentencing would not be appropriate. Dkt. No. 35 at 4. First, Defendant cites his long history of mental health problems. *Id*. Defendant states that he is "particularly vulnerable in a jail setting due to appearance and behavior," "self-harms in custody," and would have to stop receiving mental health treatment which has shown a significant improvement in his mental health while on pretrial release. *Id*. at 5. Next, Defendant cites his grandfather's deteriorating health. *Id*. Defendant's grandfather is a two-time cancer survivor and is currently undergoing testing to determine whether the cancer has returned. Dkt. No. 35 at 4. This year alone, Defendant's grandfather has fallen two times, been admitted to the hospital for COVID-19 and pneumonia, and is showing increasing signs of infirmity. *Id*. Defendant states that while on pretrial release he assisted with care for his grandfather, including bringing in "bags of wood pellets for heating, groceries, and numerous household chores." *Id*. at 4-5.

Having considered Defendant's arguments and the particular circumstances of this case, the Court does not find that these circumstances, either singly or in combination, constitute exceptional reasons requiring release pending sentencing. While the Court is sympathetic to

Defendant's mental health history and personal family situation, the unfortunate truth is that mental health issues and family hardships affect many defendants who appear before this Court. Plainly, these circumstances are not out of the ordinary, uncommon, or rare.

Other courts have found that a defendant's mental health problems and treatment do not rise to the level of exceptional reasons. *See Wages*, 271 Fed. Appx. at 728 ("it is a rare case in which health conditions present an exceptional reason") (internal citation and quotations omitted); *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (ongoing mental health treatment and risk of being a victim of violence if imprisoned were not exceptional reasons). Further, as discussed at the change of plea hearing, because Defendant's mental health treatment is provided virtually, treatment is likely to continue as usual while Defendant is in custody. *See e.g., United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) (finding no exceptional reasons where treatment for illness was available in prison).

Likewise, other courts have found that hardship to a defendant's family is not an exceptional reason. *See United States v. Taliaferro*, 779 F. Supp. 836 (E.D. Va. 1992), aff'd, 993 F.2d 1541 (4th Cir.), cert. denied, 510 U.S. 896 (1993) (finding mother's desire to be present during her teenage daughter's difficult pregnancy not an exceptional reason); *United States v. Scott*, No. 95–CR–80, 1995 WL 723752 (E.D. Tex. Nov. 22, 1995), aff'd, 95 F.3d 1148 (5th Cir. 1996) (finding defendant's need to assist infirm parent not an exceptional reason); *United States v. Reynolds*, No. 12-20843, 2013 WL 4744750, at *13 (E.D. Mich. Sept. 4, 2013), aff'd, 626 F. App'x 610 (6th Cir. 2015) (concluding that even though defendant's mother suffered from lupus requiring defendant's care, defendant's adult daughter suffered from mental illness requiring that defendant make arrangements for her care, and that defendant was the sole owner of a small business, these factors were insufficient to establish exceptional reasons warranting release pending sentencing).

For these reasons, Defendant's circumstances do not clearly show exceptional reasons why Defendant's detention pending sentencing would not be appropriate under 18 U.S.C. § 3145(c).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Nikolas Lane Petersen's Motion for Review of Detention Order [Dkt. No. 35] is DENIED and Magistrate Judge Susan E. Huntsman's order of detention [Dkt. No. 31] is AFFIRMED.

DATED this 17th day of April 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE